UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Case No. 21-41019

LIGHTNING TECHNOLOGIES, INC.,                                   Chapter 7

        Debtor.                                            Judge Thomas J. Tucker

_____/

**OPINION AND ORDER GRANTING THE CHAPTER 7 TRUSTEE'S MOTION
FOR ORDER CONFIRMING THAT DEBTOR'S E-MAIL SYSTEM,
AND ALL EMAILS AND OTHER INFORMATION CONTAINED
WITHIN IT, ARE PROPERTY OF THE ESTATE AND MAY BE ACCESSED
AND USED BY THE TRUSTEE AND HIS PROFESSIONALS**

This case came before the Court for a telephonic hearing on April 14, 2021, on the Chapter 7 Trustee's motion entitled "Chapter 7 Trustee's Motion For Order Confirming That Debtor's E-mail System, And All Emails and Other Information Contained Within It, Are Property of the Estate and May Be Accessed And Used by the Trustee and His Professionals" (Docket # 169, the "Motion"). At the conclusion of the hearing, the Court took the Motion under advisement.

The Court has considered all of the written and oral arguments of the parties who appeared, through counsel, at the April 14, 2021 hearing. And the Court has considered all of the exhibits filed by the Trustee in support of the Motion, as well as the Declaration filed by the Trustee on April 15, 2021 (Docket # 188, the "Declaration").[1] The Court also has reviewed, briefly, the exhibits filed under seal by Solyco, LLC on April 14, 2021.[2] But the Court has not

---

[1] The exhibits filed by the Trustee were those attached to the Motion (Docket # 169), and the exhibits attached to the Declaration filed April 15, 2021 (Docket # 188).

[2] *See* Docket # 181.

relied on any of those sealed exhibits in ruling on the Motion today.

For the reasons stated below, the Court will grant the Motion.

The Court finds, and there is no genuine dispute, that:

A. The Debtor, and the Debtor's predecessor, Lightning Technologies LLC, before the 2019 merger of Lightning Technologies, LLC into the Debtor (Lightning Technologies, Inc.)[3] (collectively, the "Debtor"), at all relevant times had a policy regarding its e-mail system, including the Office 365 e-mail system (the "E-mail Policy"), as described in all versions of the "Lightning Technologies Employee Handbook," copies of which are attached as Exhibit 3 to the Motion and as Exhibits 1 and 2 to the Declaration. The material terms of that E-mail Policy were the same in all three versions of the Debtor's Employee Handbook.

B. At all relevant times, each of the four individuals who objected to the Motion, *i.e.*, Jeffrey Owen, Rosie Borowski, Randy Schmidt, and Roland Heiberger (the "Respondents") had actual knowledge and/or constructive notice of the E-Mail Policy, and of all the facts stated in Paragraphs C through F, below.

C. At all relevant times, under the E-Mail Policy, and also under the Debtor's "Microsoft Services Agreement," excerpts of which are attached as Exhibit 2 to the Motion, the Debtor alone owned the Office 365 e-mail system and all of the emails and other information within that system.

D. The E-Mail Policy permitted users, including each of the Respondents, "[i]ncidental and occasional personal use" of the Debtor's Office 365 e-mail system, and "limited use of [that]

---

[3] *See* Brief in Support of Trustee's Objection, etc., filed March 4, 2021 (Docket # 55 at pdf p. 7), and Exhibits 2-4 thereto (Docket # 55 at pdf pp. 24-52).

email system for personal business matters, so long as such use is kept to a minimum and does not interfere with [the user's] work."

E. At all relevant times, the Debtor's policy was, and the E-Mail Policy clearly stated, several times, that the Debtor's Office 365 e-mail system is property of the Debtor, by stating that it is "property of the Company" and "Company property."

F. At all relevant times, the Debtor's policy was, and the E-Mail Policy clearly stated, that the Debtor's Office 365 e-mail system is "subject to monitoring" and "subject at all times to monitoring" by the Debtor, and that the Debtor "may from time to time monitor, log . . . employee Internet activity" and "**may examine all individual connections and communications**." The E-Mail Policy also stated that "[a]ll emails are archived on the [Debtor's] server in accordance with [the Debtor's] records retention policy, and **all emails are subject to review by the [Debtor]**." (Emphasis added).[4]

Based on the foregoing findings, the Court concludes as follows:

G. None of the Respondents could have had, at any time, an objectively reasonable expectation that any e-mail that they sent or received through the Debtor's Office 365 e-mail system, including any e-mails that were for personal use, were or would remain private or confidential. *See Peerenboom v. Marvel Ent., LLC*, 50 N.Y.S.3d 49 (2017); and the following cases cited in *In re Asia Global Crossing, Ltd.*, 322 B.R. 247, 257-58 (Bankr. S.D. N.Y. 2005) (*United States v. Simons*; *Muick v. Glenayre Elec.*; *Thygeson v. U.S. Bancorp.*; *Kelleher v. City of Reading*; and

---

[4] The quotations from the Employee Handbook in this Opinion and Order are taken from the sections of the Handbook entitled "Internet Access" in Exhibit 3 to the Motion, entitled "Office Equipment" in Exhibits 1 and 2 to the Declaration, and the sections in all three versions of the Employee Handbook entitled "Right to Monitor," "Email," and "Confidentiality of Electronic Mail."

*Garrity v. John Hancock Mutual Life Ins. Co.*).

H.  As a result, none of the Respondents can validly assert that any privilege, including any attorney-client privilege or any joint defense privilege, or that any privacy interest, protects against disclosure of any e-mail that they sent or received at any time through the Debtor's Office 365 e-mail system.  *See, e.g., Peerenboom*, *supra*; *In re Alhan Industries, Inc.*, No. BG 18-04650, 2020 WL 3620332 (Bankr. W.D. Mich. July 2, 2020), at *8-9 (describing the elements of the attorney-client privilege under federal common law, applicable under Fed. R. Evid. 501, which evidence rule is applicable in this case under Fed. R. Bankr. P. 9017, and how that privilege "applies only to confidential communications").

I.  Under 11 U.S.C. §§ 541(a)(1), 541(a)(6), and 541(a)(7), the Debtor's Office 365 e-mail system, and all e-mails and information in that system, including all e-mails sent or received after the February 5, 2021 petition date, is property of the bankruptcy estate in this case, which the Chapter 7 Trustee and his professionals may view and use in performing their duties, without limitation.

        Accordingly,

        IT IS ORDERED that:

1.  The Motion is granted.

2. The Debtor's Microsoft Office 365 Account (the "Office 365 Account"), and all emails and other information contained within it, are property of the bankruptcy estate in this case.  As such, the Chapter 7 Trustee and his professionals are authorized to view and use all emails and other information contained within the Office 365 Account, without limitation.

3.  This Order is effective immediately.

**Signed on April 15, 2021**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge