# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Lightning Technologies, Inc.,            Case No. 21-41019
                                               Chapter 7
                                               Honorable Thomas J. Tucker

       Debtor.
_____/

## EXHIBIT – FIRST AMENDMENT TO AMENDED ASSET PURCHASE AGREEMENT

      Fred J. Dery, Chapter 7 Trustee, through his counsel, The Taunt Law Firm, files this Exhibit which attaches the First Amendment to the Amended Asset Purchase Agreement with an Acceptance Date of March 4, 2021 (Docket No. 88-2) between the Trustee and Palltronics, Inc.

**THE TAUNT LAW FIRM**

Dated: April 16, 2021        By:    /s/ Erika D. Hart (P67457)
                                                        The Taunt Law Firm
                                                        Attorneys for Trustee
                                                        700 E. Maple Rd., 2nd Floor
                                                        Birmingham, MI 48009
                                                        (248) 644-7800
                                                        ehart@tauntlaw.com

# FIRST AMENDMENT TO

# AMENDED 363 SALE ASSET PURCHASE AGREEMENT

This FIRST AMENDMENT TO AMENDED 363 SALE ASSET PURCHASE AGREEMENT (the "First Amendment") is entered into as of April 16, 2021 (the "Amendment Effective Date") between **Palltronics, Inc.**, a Michigan corporation ("Buyer"), and **Fred J. Dery, in his capacity as Chapter 7 Trustee for the bankruptcy estate of Lightning Technologies Inc., Case No. 21-41019-tjt** ("Trustee" or "Seller", and collectively with Buyer, the "Parties" and each a "Party").

## RECITALS

WHEREAS, on March 16, 2021, but effective as of March 4, 2021, the Parties entered into the Amended 363 Sale Asset Purchase Agreement (the "Agreement");[1]

WHEREAS, on March 18, 2021, the Court entered the Order (I) Establishing Sale Procedures, (II) Scheduling an Auction and a Sale Hearing in Connection with the Sale of Substantially All of Debtor's Assets Pursuant to 11 U.S.C. §§105, 363 and 365, (III) Setting Certain Dates and Deadlines in Connection Therewith, (IV) Approving the Form of the Purchase and Sale Agreement, Including the Termination Fee, and (V) Granting Related Relief ("Sale Procedures Order") [Docket No. 103] and, pursuant to decretal paragraph 2 thereof, the Agreement, in the form appended to the Trustee's Supplement to the Sale Motion [Docket No. 88], was authorized, approved, duly executed and binding to the extent necessary to carry out and implement the Sale Procedures Order;

WHEREAS, the Buyer has been conducting ongoing due diligence under and in connection with the Agreement pursuant to a Confidentiality Agreement between the Parties ("Confidentiality Agreement"), and Buyer requested additional due diligence relating to the Seller's Microsoft Office 365 account and usage of such account by third parties prior to the Opinion and Order dated April 15, 2021 issued by the Bankruptcy Court ("Opinion") [Docket No. 189];

WHEREAS, under the circumstances of the case, the Parties recognize and agree that an extension of the time for Buyer to terminate the Agreement relating to due diligence under Section 7.1.4 of the Agreement is both reasonable and appropriate under the circumstances;

WHEREAS, pursuant to Section 10.3 of the Agreement, the Agreement may be modified, amended or supplemented only by a written instrument duly executed by each Party; and

WHEREAS, the Parties desire to modify, amend and supplement the Agreement as set in this First Amendment.

---

[1] Unless otherwise defined herein, all capitalizes terms shall have the meanings ascribed to them in the Agreement.

# AGREEMENT

NOW, THEREFORE, in consideration of the premises and mutual representations, warranties and covenants herein contained and other good and valuable consideration, the receipt, adequacy and legal sufficiency of which are hereby acknowledged, and intending to be legally bound, the Parties hereto agree as follows:

1. Section 7.1.4 of the Agreement is hereby amended to read in its entirety as follows:

   "7.1.4 The Buyer, on or before April 30, 2021 at 2:00 pm EST, upon written notice to the Seller, if it is not satisfied, in its sole discretion, with the results of its ongoing due diligence investigation of the Intellectual Property; provided, however, that the notice to Seller of Buyer's decision to terminate under this Section 7.1.4 shall describe with reasonable particularity the reason Buyer is not satisfied and that reason must be true."

2. The following is added as a new Section 8.8 of the Agreement:

   "Buyer shall provide the Seller, on or before April 23, 2021, with updated assurances of the Buyer of financial ability to perform and comply with the requirements of this Agreement, to be held confidentially for review only by the Trustee and Trustee Professionals, in a similar form to those financial assurances previously provided by the Buyer to the Trustee."

3. From and after the Amendment Effective Date, each reference in Agreement to "this Agreement," "hereunder," "hereof," "herein," or words of like import referring to the Agreement and each reference to the Agreement in any certificate or document delivered in connection with the Agreement shall mean and be a reference to the Agreement as amended by this First Amendment.

4. Except as modified, amended or supplemented by this First Amendment, the Agreement is in all respects ratified and confirmed, and all the terms, provisions, and conditions thereof shall be and remain in full force and effect.

5. This First Amendment may be executed in any number of duplicate originals or counterparts, each of which will be deemed to be an original and which, taken together, will constitute but one and the same instrument. Each of the Parties agrees that their respective signatures may be delivered by fax or pdf by email, and that fax and emailed pdf signatures will be treated as originals for all purposes.

6. Pursuant to Section 10.3 of the Agreement, Bankruptcy Court approval of this First Amendment is not required.

[Signature Page Follows]

IN WITNESS WHEREOF, the Parties hereto have duly executed this Amendment as of the date first written above.

**SELLER**

FRED J. DERY, Chapter 7 Trustee for the bankruptcy estate of Lightning Technologies, Inc.

By: _/s/ Fred J. Dery_
Name: Fred J. Dery
Title: Chapter 7 Trustee for the estate of Lightning Technologies, Inc.

**BUYER**

**Palltronics, Inc.**, a Michigan corporation

By: _____
Name: Damian Kassab
Title: President

37528145.8/159982.00001

IN WITNESS WHEREOF, the Parties hereto have duly executed this Amendment as of the date first written above.

**SELLER**

FRED J. DERY, Chapter 7 Trustee for the bankruptcy estate of Lightning Technologies, Inc.

By: _____
Name: Fred J. Dery
Title: Chapter 7 Trustee for the estate of Lightning Technologies, Inc.

**BUYER**

**Palltronics, Inc.**, a Michigan corporation

By: _____
Name: Damian Kassab
Title: President