UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 21-41019

LIGHTNING TECHNOLOGIES, INC.,  Chapter 7

        Debtor.  Judge Thomas J. Tucker

_____/

**OPINION AND ORDER REGARDING CERTAIN UNRESOLVED LANDLORD ISSUES, AND REGARDING LANDLORD MOTIONS FOR RELIEF FROM STAY**

**I. Introduction and description of the unresolved issues to be decided**

This case came before the Court for a telephonic hearing on May 5, 2021, on the following matters: (1) the issues described in paragraph 20 of the Court's March 18, 2021 Order Establishing Sale Procedures, etc. (Docket # 103, the "Sale Procedures Order") which are still not resolved (the "Unresolved Landlord Issues"); (2) the motion for relief from stay filed by DEMS Associates, LLC (Docket # 27, the "DEMS Stay Relief Motion"); and (3) the motion for relief from stay filed by Ashley Orion Commerce Center, LLC (Docket # 97, the "Ashley Orion Stay Relief Motion"). At the conclusion of the hearing, the Court took these matters under advisement.

The Court has considered all of the written and oral arguments, and exhibits filed, by the parties who appeared, through counsel, at the May 5, 2021 hearing. For the reasons stated below, the Court will enter the Order below.

The issues at hand arise against the backdrop of the Chapter 7 Trustee's proposed § 363 sale of substantially all the assets of the bankruptcy estate, for $5 million. Under the Sale Procedures Order, the Trustee's motion for approval of the sale is scheduled for a hearing to be

held on May 12, 2021.

Following are the issues described in paragraph 20 of the Sale Procedures Order:

> (a) setting a deadline to remove the Debtor's property from the Silverbell Premises and Xcelsior Premises and in what condition the premises are to be left; (b) determining the responsible party for removal of such property; (c) determining what fixtures or property attached to the Xcelsior Premises are excluded from the sale of the Debtor's Assets under the Sale Procedures Order and Sale Procedures; and (d) the removal of chemicals from the Xcelsior Premises.[1]

All of these issues have been resolved, by agreement of the parties and/or stipulated orders,[2] except one issue not yet resolved, which is "(a) . . . in what condition the [Silverbell Premises and Xcelsior Premises] are to be left." The Court will refer to this issue, solely for convenience, as the "Broom Clean Condition Issue."

The "Silverbell Premises" are the premises owned by Ashley Orion Commerce Center, LLC ("Ashley Orion"), located at 315 W. Silverbell Rd., Suite 190, Lake Orion, Michigan. The "Xcelsior Premises" are the premises owned by DEMS Associates, LLC ("DEMS"), located at 2171 Xcelsior, Oxford, Michigan.

Before this bankruptcy case was filed on February 5, 2021, the Debtor had leased the Silverbell Premises from Ashley Orion, under a written lease (the "Silverbell Lease"). That lease

---

[1] Docket # 103 at pdf p. 12, ¶ 20.

[2] *See, e.g.,* the orders at Docket ## 163, 208; *see also* "Response of Palltronics, Inc. to Trustee's Response Regarding Landlord Issues" (Docket # 171) at 5 (acknowledging that if it is the "Winning Bidder" at the asset sale, Palltronics will "diligently and carefully remove[] the [purchased] Assets from the premises"); "Amended 363 Sale Asset Purchase Agreement" (Docket # 88-2) at pdf pp. 4-5, § 4 (Buyer to acquire the purchased assets "where is"); "Trustee's Amended Notice of Intent to Abandon Certain Chemicals Located at Debtor's Xcelsior Location" (Docket # 197).

was terminated before the bankruptcy case was filed,[3] but certain personal property of the Debtor continued to be stored at the Silverbell Premises, and the storage of the property, which is now property of the bankruptcy estate, has continued post-petition, through the present.

Also before this bankruptcy case was filed, the Debtor had leased the Xcelsior Premises from DEMS, also under a written lease (the "Xcelsior Lease"). That lease was terminated before the bankruptcy case was filed,[4] but certain personal property of the Debtor continued to be stored at the Xcelsior Premises, and the storage of that property, which is now property of the bankruptcy estate, has continued post-petition, through the present.

Certain other issues remain unresolved, related to the DEMS Stay Relief Motion and the Ashley Orion Stay Relief Motion. With respect to each such motion, those issues are (1) what the Court will refer to, solely for convenience, as the "Stay Relief Effective Date Issue," which is: when and under what conditions stay relief is to be granted and become effective, to permit DEMS and Ashley Orion to exercise their rights under state law to remove any of the bankruptcy estate's current property from the Xcelsior Premises and the Silverbell Premises, respectively, if and to the extent any such property remains on the premises after June 30, 2021; and (2) what the Court will refer to, solely for convenience, as the "Post-Close Rent Issue," which is: whether either the bankruptcy estate or the Winning Bidder at the § 363 asset sale (the "§ 363 purchaser"), or both, will be liable to pay DEMS and Ashley Orion the value of storing the estate's former (sold) and unsold property on the premises, for the time period from the closing

---

[3] Because the Silverbell Lease terminated pre-petition, it is not "an executory contract or unexpired lease of the debtor" within the meaning of 11 U.S.C. § 365(a).

[4] Because the Xcelsior Lease terminated pre-petition, it is not "an executory contract or unexpired lease of the debtor" within the meaning of 11 U.S.C. § 365(a).

of the asset sale to the date that is the earlier of (a) the date on which all the assets are removed from the premises, or (b) the date on which stay relief becomes effective. As to issue (2), with respect to any liability of the bankruptcy estate, there is a sub-issue, which is: whether such liability will be an allowed administrative expense, or in the alternative, an allowed non-priority unsecured claim.

A third issue related to the stay relief motions also is related to the "Broom Clean Condition" issue described above. That issue is whether either the bankruptcy estate or the § 363 purchaser, or both, will be liable to pay DEMS and Ashley Orion for any failure by the bankruptcy estate or by the § 363 purchaser to leave the Xcelsior Premises and the Silverbell Premises in broom clean condition, and/or for any damage done to the premises during the process of removal of the bankruptcy estate's sold and unsold property. And a sub-issue, with respect to any liability of the bankruptcy estate, is whether such liability will be an allowed administrative expense.

## II. Discussion of the Stay Relief Effective Date Issue

In a stipulated order filed on May 5, 2021, the Court ordered:

> The deadline for the removal of the Assets (as such term is defined in the Amended 363 Sale Asset Purchase Agreement filed at Docket # 88-2) from the Silverbell Premises and the Xcelsior Premises will be June 30, 2021. The deadline for the removal of any Excluded Assets (as defined in Docket # 88-2) from the Silverbell Premises and the Xcelsior Premises by the Trustee will also be June 30, 2021, with any Excluded Assets which are not removed to be deemed abandoned by the bankruptcy estate.[5]

The Court finds and concludes that there is cause, under 11 U.S.C. § 362(d)(1), to order,

---

[5] Docket # 208 at 2, ¶ 2.

and the Court will order, that DEMS and Ashley Orion both are granted relief from the automatic stay, and that such relief from stay will become effective on July 1, 2021.[6] On that day, which is one day after the June 30, 2021 deadline for the removal of all of the property at issue, DEMS and Ashley Orion will have stay relief to permit them each to pursue all remedies available under non-bankruptcy law to remove any remaining property from their premises.

It is clear that under applicable non-bankruptcy law, DEMS and Ashley Orion are each entitled to full possession of their respective owned premises, free from any hindrance or interference caused by the continuing unwanted presence of any personal property that was owned by the Debtor. The bankruptcy estate has no right to such possession of the premises owned by DEMS or Ashley Orion, and the estate has no right to continue to store any property on the premises owned by DEMS and Ashley Orion. This is definitively established by the fact that before this bankruptcy case was filed, DEMS and Ashley Orion each had obtained against the Debtor a final judgment of possession, and an eviction order, from a Michigan state court.[7] This Court must give full faith and credit to these Michigan state court judgments, *see generally Lenchner v. Korn* (*In re Korn*), 567 B.R. 280, 297-99 (Bankr. E.D. Mich. 2017) (discussing application of collateral estoppel by the bankruptcy court based on a Michigan state court judgment); *Taleb v. Kramer* (*In re Kramer*), 543 B.R. 551, 553-54, 559-60 (Bankr. E.D. Mich. 2015) (same). And the bankruptcy estate is bound by these judgments, as successor to the

---

[6] There is no need to give DEMS or Ashley Orion stay relief that becomes effective before July 1, 2021, since they each stipulated to the May 5, 2021 Order quoted above, which gives the bankruptcy estate and the § 363 purchaser until June 30, 2021 to remove all property from the premises.

[7] Copies of these possession judgments and eviction orders were filed by DEMS and Ashley Orion as exhibits in support of their stay relief motions. (Docket # 27 at pdf pp. 43-48 and Docket # 60 at pdf pp. 4-10) (DEMS); (Docket # 97 at pdf pp. 29-36) (Ashley Orion).

5

Debtor. This alone establishes cause to grant stay relief in favor of DEMS and Ashley Orion. *See In re Indiana Hotel Equities, LLC*, 589 B.R. 315, 318 (Bankr. E.D. Mich. 2018).

Cause for stay relief in this situation is further established when the Court considers "the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code." *In re Combs*, 435 B.R. 467, 470-71 (Bankr. E.D. Mich. 2010) (quoting *In re Plastech Engineered Products, Inc.*, 382 B.R. 90, 106 (Bankr. E.D. Mich. 2008)). The June 30, 2021 deadline imposed by this Court's May 5, 2021 Order, which all relevant parties agreed to, is quite generous to the bankruptcy estate and to any potential buyer of the estate's assets. It should give ample time for the contemplated § 363 sale to be approved (as is likely to occur on May 12, 2021), to close (likely to be shortly after May 12, 2021), and for all sold and unsold property of the estate to be removed from the premises owned by DEMS and Ashley Orion. Once the property is removed from the premises, or abandoned by the estate under the terms of the May 5, 2021 Order, the bankruptcy estate will have no conceivable need to store anything on the premises owned by DEMS or Ashley Orion.

### III. Discussion of the Post-Close Rent Issue

The Court finds and concludes that the bankruptcy estate will be liable to pay DEMS and Ashley Orion the value of storing on their respective premises the estate's current property, including the property that is sold to the § 363 purchaser, for the time period from the closing of the upcoming § 363 asset sale to the date that is the earlier of the following two dates: (a) the date on which all the assets sold in the § 363 sale, and all other assets of the estate, are removed from the premises; or (b) the date on which stay relief becomes effective under this Order (July 1, 2021).

Any such liability will be in the form of an allowed administrative expense, under 11 U.S.C. § 503(b), and also specifically under 11 U.S.C. § 503(b)(1)(A), as part of "the actual and necessary costs and expenses of preserving the estate." The amount of such administrative expense cannot now be determined, as to DEMS or Ashley Orion; rather, it must be determined at a later date.

An additional basis for imposing such liability on the bankruptcy estate is that is it necessary in order to provide adequate protection of the interests of DEMS and Ashley Orion in their respective premises. As such, it is appropriate and required by 11 U.S.C. § 363(e), as a condition of continuing the automatic stay for the period of time after the closing of the § 363 sale and until stay relief becomes effective under this Order (July 1, 2021).

The Court further finds and concludes that the § 363 purchaser of assets from the bankruptcy estate will not be liable, to any extent, to DEMS or Ashley Orion for post-closing rent or for the value of storing property on the premises owned by DEMS and Ashley Orion. There is no valid basis for imposing any such liability on the § 363 purchaser.

## IV. Discussion of the Broom Clean Condition Issue

The Court finds and concludes that the bankruptcy estate has no duty to leave either the Xcelsior Premises or the Silverbell Premises in a broom clean condition, or to clean up the premises, or to restore the condition of the premises to any prior state that existed before the date when the bankruptcy petition was filed. As a result, there is no valid basis for this Court to specifically enforce any such duty, and there is no valid basis for DEMS or Ashley Orion to have an allowed administrative expense arising from any such duty. Nor is imposing such a duty on the bankruptcy estate necessary to provide DEMS or Ashley Orion with adequate protection

under 11 U.S.C. § 363(e).

Even if a clean-up, repair, or restoration duty may have been imposed on the Debtor under the Debtor's written leases with DEMS and Ashley Orion, those leases were terminated pre-petition, so they cannot create any post-petition duty on the part of the bankruptcy estate, under 11 U.S.C. § 365(d)(3) or otherwise. To the extent DEMS and/or Ashley Orion can demonstrate that the Debtor would be liable, under applicable non-bankruptcy law, for breach of the terminated written lease, or based on some other legal theory, then DEMS and/or Ashley Orion may have a valid pre-petition claim, which would be a non-priority unsecured claim in this bankruptcy case. But neither DEMS nor Ashley Orion has filed a proof of claim yet in this case.[8] And neither the allowance of such a claim, nor its amount, can be determined at this time.

The Court further finds and concludes that the § 363 purchaser of assets from the bankruptcy estate has no duty, and will not be liable for breach of duty, to DEMS or Ashley Orion, to leave either the Xcelsior Premises or the Silverbell Premises in a broom clean condition, or to clean up the premises, or to restore the condition of the premises to any prior state. There is no valid basis for imposing any such liability on the § 363 purchaser.

The Court's rulings on this issue do not mean that DEMS and Ashley Orion will have no recourse if the bankruptcy estate causes material physical damage or waste to the premises of either DEMS or Ashley Orion. The Court is not ruling today that in that event, the estate would ***not*** be liable for such damage or waste. And if the estate were to have any such liability, that might give rise to an allowed administrative expense under 11 U.S.C. § 503(b), and also

---

[8] The deadline to file a proof of claim in this case is May 24, 2021. *See* "Notice of Need to File Proof of Claim Due to Recovery of Assets" (Docket # 48).

specifically under 11 U.S.C. § 503(b)(1)(A). To date, no one has alleged that any such material physical damage or waste has occurred, or will occur. The Court cannot determine at this time whether there will be any such material physical damage or waste. The Court expresses no further opinion on this issue now.

Similarly, the Court's rulings today do not mean that the § 363 purchaser would have no liability if that purchaser were to cause material physical damage or waste to the premises of either DEMS or Ashley Orion. To date, no one has alleged that any such material physical damage or waste has occurred, or will occur. The Court cannot determine at this time whether there will be any such material physical damage or waste. The Court expresses no further opinion on this issue now.

**V. Order**

For the reasons stated above,

IT IS ORDERED that:

1. The DEMS Stay Relief Motion (Docket # 27) is granted in part, to the extent of the relief provided by this Order, and otherwise is denied.

2. The Ashley Orion Stay Relief Motion (Docket # 97) is granted in part, to the extent of the relief provided by this Order, and otherwise is denied.

3. Effective on July 1, 2021, the automatic stay under 11 U.S.C. § 362(a) is modified to permit DEMS Associates, LLC to take and continue any actions available under non-bankruptcy law for removing from the Xcelsior Premises any and all property that previously belonged to the Debtor or that belonged at any time to the bankruptcy estate in this case.

4. Effective on July 1, 2021, the automatic stay under 11 U.S.C. § 362(a) is modified to permit

9

21-41019-tjt    Doc 214    Filed 05/07/21    Entered 05/07/21 12:00:08    Page 9 of 11

Ashley Orion Commerce Center, LLC to take and continue any actions available under non-bankruptcy law for removing from the Silverbell Premises any and all property that previously belonged to the Debtor or that belonged at any time to the bankruptcy estate in this case.

5. The stay under Fed. R. Bankr. P. 4001(a)(3) does not apply to this Order.

6. The bankruptcy estate will be liable to pay DEMS and Ashley Orion the value of storing on their respective premises the estate's current property, including the property that is sold to any § 363 purchaser, for the time period from the closing of the § 363 asset sale to the date that is the earlier of the following two dates: (a) the date on which all the assets sold in the § 363 sale, and all other assets of the estate, have been removed from the premises; or (b) the date on which stay relief becomes effective under this Order (July 1, 2021).

7. Any such liability will be in the form of an allowed administrative expense, under 11 U.S.C. § 503(b), and also specifically under 11 U.S.C. § 503(b)(1)(A), as part of "the actual and necessary costs and expenses of preserving the estate," and as adequate protection under 11 U.S.C. § 363(e). The amount of such administrative expense/adequate protection cannot now be determined, as to DEMS or Ashley Orion. Rather, it must be determined at a later date.

8. The § 363 purchaser of assets from the bankruptcy estate will not be liable, to any extent, to DEMS or Ashley Orion, for post-closing rent or for the value of storing property on the premises owned by DEMS and Ashley Orion.

9. The bankruptcy estate is not required to leave either the Xcelsior Premises owned by DEMS, or the Silverbell Premises owned by Ashley Orion, in a broom clean condition, or to clean up the premises, or to restore the condition of the premises to any prior state that existed before the date when the bankruptcy petition was filed.

10. The § 363 purchaser of assets from the bankruptcy estate will not be required to leave either the Xcelsior Premises owned by DEMS, or the Silverbell Premises owned by Ashley Orion, in a broom clean condition, or to clean up the premises, or to restore the condition of the premises to any prior state.

11. This Order is without prejudice to any rights that DEMS or Ashley Orion may have against the bankruptcy estate, to seek relief for any material physical damage or waste caused by the bankruptcy estate or by the § 363 purchaser to the premises owned by DEMS or Ashley Orion.

12. This Order is without prejudice to any rights that DEMS or Ashley Orion may have against a § 363 purchaser of assets from the bankruptcy estate, to seek relief for any material physical damage or waste caused by the § 363 purchaser to the premises owned by DEMS or Ashley Orion.

**Signed on May 7, 2021**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**