# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| In re:                      | Case No. 21-41019-tjt       |
|-----------------------------|-----------------------------|
| Lightning Technologies, Inc., | Chapter 7                   |
| Debtor.                     | Judge Thomas J. Tucker      |

## ORDER GRANTING PALLTRONICS INC.'S MOTION TO ENFORCE SALE ORDER AND FINDING OF CIVIL CONTEMPT AGAINST PALIOT SOLUTIONS, INC.

This case came before the Court on June 29, 2022, for a further telephonic hearing on the motion entitled "Palltronics Inc.'s Motion to Enforce Sale Order and Finding of Civil Contempt Against Paliot Solutions LLC" (Docket # 340, the "Motion").[1] Confirming action taken by the Court during the June 29, 2022 hearing, and for the reasons stated by the Court on the record during that hearing, the Court entered an order on June 29, 2022, *conditionally* granting the Motion, in part. (Docket # 408, the "June 29 Order"). As stated in the June 29 Order, the condition to granting the Motion was that this Court "must first find that it has subject matter jurisdiction to grant such relief to Palltronics on the Motion (the

---

[1] Capitalized terms not otherwise defined in this Order have the meanings ascribed to them in the Motion.

'subject matter jurisdiction issue')." The June 29 Order set a schedule for the parties to file supplemental briefs, addressing the subject matter jurisdiction issue.

The parties filed their supplemental briefs, (Docket ## 410, 413), and the Court has reviewed them. In its supplemental brief, PALIoT states that it no longer contests that this Court has subject matter jurisdiction. It states: "PALIoT does not contest that an action to enforce the terms of the sale order arises in a case under title 11." (Docket # 410 at 1 (footnote omitted).[2]

The Court finds and concludes that it has subject matter jurisdiction to grant the relief described in this Order, below, on the Motion, and that the Motion is a core proceeding. These conclusions are based on, and for the reasons stated by the Court in, this Court's two bench opinions that were cited in the Court's Order filed on March 2, 2022 (Docket # 347 at 2 n.1). *See* Tr. of September 19, 2012 Bench Op. in *M-Heat Investors, LLC v. Jost*, Adv. No. 12-4868 (Docket # 30), at 21-28 (finding subject matter jurisdiction under 28 U.S.C. § 1334(b)'s "arising under title 11" clause and under 28 U.S.C. § 157(b)(2)(N)); Tr. of July 27, 2016 Bench Op. in *Telesource Services, Inc. v. SoTel Systems, LLC*, Adv. No. 16-4356 (Docket # 36)

---

[2] In its supplemental brief, PALIoT argues that the Court should reconsider its June 29 Order and ruling on the Motion, and deny the Motion. (Docket # 410). That request for reconsideration is denied, for the following reasons. First, such request for reconsideration, contained in a supplemental brief that was to be limited to the subject matter jurisdiction issue, is out of rule, and the Court will not consider it as a proper motion for reconsideration. Second, the request is without merit. The Court's ruling was and is correct, for the reasons stated by the Court during the June 29, 2022 hearing.

(finding subject matter jurisdiction under 28 U.S.C. § 1334(b), under both the "arising under title 11" clause and the "arising in . . . cases under title 11" clause). *See also Tenet Healthsystem Philadelphia, Inc. v. Nat'l. Union of Hospital and Health Care Employees, AFSCME, AFL-CIO, Dist. 1199C* (*In re Allegheny Health, Ed. and Research Foundation, et al.*), 383 F.3d 169, 176 (3d Cir. 2004) (holding that adversary proceeding was a core proceeding over which bankruptcy court had subject matter jurisdiction, "because it required the [bankruptcy] court to interpret and give effect to its previous sale orders" and that a "motion to enforce [a] bankruptcy sale order is a core proceeding," quoting *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 267 (3d Cir. 1991)).

Accordingly, and based on the June 29 Order, and for the reasons stated by the Court on the record during the June 29, 2022 hearing, the Court makes the following findings and enters this Order.

The Court finds that PALIoT Solutions, Inc. ("PALIoT") has violated, and is in civil contempt of, this Court's May 13, 2021 Order entitled "Order Authorizing (I) the Sale of Substantially All of Debtor's Assets Pursuant to 11 U.S.C. §§ 105, 363 and 365, (II) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, (III) the Sale of Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (IV) Granting Related Relief" (Docket # 244).

IT IS ORDERED that:

1. The Motion is granted.

2. Palltronics is awarded its reasonable attorneys' fees and costs related to or arising from the drafting, filing and prosecution of the Motion, which will include, but not be limited to, its reasonable fees and costs related to or arising from the discovery with LinkedIn. Palltronics must file a statement of such costs and fees no later than July 29, 2022. PALIoT must file any objections to the statement of costs and fees no later than August 5, 2022. After August 5, 2022, the Court will either enter an order awarding costs and fees to Palltronics or conduct a further hearing.

3. No later than July 22, 2022, PALIoT must provide to Palltronics (a) a list of the Followers and the contact information, including, without limitation, the phone number, email address, company name, and individual name for each Follower, (b) a list of all click throughs from the Debtor's LinkedIn Page to the PALIoT Website, and (c) the phone records for the Phone Number from May 1, 2021, through the date that the Phone Number was removed from the Debtor's LinkedIn Page ("Time Period"). The phone records must include, without limitation, all incoming calls to the Phone Number during the Time Period. Palltronics will have the right to call each and every person that called the Phone

Number during the Time Period to advise such caller that PALIoT incorrectly held itself out as the Debtor (or Palltronics).

4. This Order is without prejudice to Palltronics' right to seek additional damages and equitable relief from PALIoT.

5. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Signed on July 15, 2022**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**